## WILLIAM P. RENFROW *et al.*

### v.

## EDWIN PEARCE.

1. TRUST—*equity will follow proceeds of trust property.* Where, after the dissolution of a partnership, the goods of the late firm are entrusted to one of the partners to be by him converted into money by sale at retail, and with the proceeds pay the partnership debts, such partner becomes a trustee, and the exchanging of the goods for land and taking the title in

his wife's name, is a fraudulent perversion of the trust property, and equity will follow the land thus acquired and subject it to the debts of the firm as against any person acquiring the title with notice of the facts, or in fraud of the rights of the other partner.

2. SAME—*on sale, the record should show payment before confirmation.* Where partnership property was sold under a decree of court for the pay‑ ment of the joint debts, and one of the partners became the purchaser, it was *held* erroneous to confirm the master's report of sale when it failed to show that the purchaser paid to the master the amount of his bid, or the payment of debts out of the sum bid, as the other partner was jointly in‑ terested in the payment of the firm debts, and had the right to have the record show the payment of such debts, what debts, and to what extent.

WRIT OF ERROR to the Circuit Court of Washington county ; the Hon. SILAS L. BRYAN, Judge, presiding.

This was a bill in chancery, filed by Pearce, against Ren‑ frow, to subject a tract of land to the payment of partnership debts. The opinion states the ground of the relief sought, and the proceedings.

Messrs. STOKER & PATE, for the plaintiffs in error.

Mr. J. M. DURHAM, for the defendant in error.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

By the terms upon which the co-partnership between Pearce and Renfrow was dissolved, Renfrow was constituted trustee of the goods of the firm for the purpose of converting them into money, by sale at retail, and paying the debts of the firm. This being so, the act of Renfrow in exchanging the goods for lands and taking a conveyance thereof to his wife, was a fraudulent perversion of the trust property, be‑ cause the possession of them had been committed to him to convert them into money by sale at retail, at a designated place, and apply the proceeds as above stated. Equity will therefore follow the property thus acquired, and subject it to the debts of the firm.

The mortgage by Renfrow and wife of these lands, to Dugger, followed by an absolute deed to the latter, was evidently made to defraud creditors.

Dugger, the brother of Renfrow's wife, was security for Renfrow upon a guardian's bond, but the evidence does not satisfactorily show that he had become legally liable to pay anything on account of his suretyship at the time the mortgage to him was given, although it does appear that he afterwards paid the sum of $500, which seems to have been a voluntary payment, without showing a legal liability. However this may be, this was Renfrow's individual liability or debt, and Dugger, if he had notice of the circumstances under which the lands mortgaged to him had been acquired, could not set up his mortgage against the claims of the partnership creditors. We think, from the circumstances, he must have known how the lands were acquired by Renfrow, and he does not set up and establish the defense of *bona fide* purchaser for value without notice. The decree of the court below, subjecting the lands to sale for the payment of partnership debts, was therefore correct, and we affirm it; but the subsequent decretal order confirming the master's report should be reversed, for the reason that the report does not show that Pearce ever paid to the master the amount of his bid on the sale of the lands under the decree, or show what partnership debts were paid, or to what extent, out of the sum thus bid. Renfrow was jointly interested in the payment of the debts, and has a right to have the record show the application of the proceeds of the land upon the debts of the firm, which debts, and to what extent.

The decretal order confirming the master's report must be reversed, and the cause remanded, with directions to modify the decree as herein indicated.

*Decree reversed.*